Chief Justice Bibb
delivered the Opinion of the Court.
Reed declared against Tevebaugh, in assumpsit, for moneys collected by the defendant, as his agent in the Stale of Virginia, and for money had and received to his use.
The defendant pleaded non assumpsit, and also set off for three hundred dollars for the services of the defendant as the plaintiff’s agent in Virginia, in attending to his business.
The evidence given related to the moneys received and collected, by defendant as plaintiff’s agent, in Virginia, and various transactions and fee-bills and moneys paid by defendant in transacting the business, and of payments made by said defendant to the plaintiff, in consequence of said agency. The plaintiff claiming a balance due of the moneys collected, unexpended, and not paid over.
The defendant called a witness, who was acquainted with the services rendered in Virginia, by the defendant as the plaintiff’s agent, and asked him the value of those services. The plaintiff objected to the evidence, and the court sustained the objection,.
Under the general issue, the defendant had a right to go into evidence of the worth of his services, connected with and originating in the transactions relied on by plaintiff. The case of Dale vs. Sollet, (4 Burr. 2133,) was an action of assumpsit, for money had and received — plea non assumpsit. The defen *180 clant, a ship broker, was the plaintiff’s agent in suing for and recovering a sum of money for damages done to the plaintiff’s ship, and did fecovcr and re-1 ceive £2,000 for the plaintiff’s use, all of which lie had paid except £40, which he retained for his services and labour. This sum the witness swore he thought to be a reasonable allowance, and the jury-were of the same opinion. The plaintiff objected on the trial, “that the defendant could not give evidence in this manner, of his labor and service;” but that he “ought td have pleaded it as at set off, or at least have given notice of it as a set off.” A verdict wiis found for the plaintiff, subject to the opinion of the court; and if against, the plaintiff, then judgment to he entered for defendant, as upon a nonsuit.Accordingly Mr. Dunning, on behalf of the defendant, moved, that judgment be entered against the plaintiff as up oil a nonsuit.
Plea of sot off liot necessary when the demands ate thus connected in their origin and nature.
Lord Mansfield expressed his opinion without doubt, that the defendant was at liberty to give this evidence. “This (he said) is an action for money had and received to the plaintiff’s use. The plaintiff can recover no more than he is in conscience and in equity entitled to; which can be no more than what remains after deducting all just allowances, which the defendant has a right to retain out of the very sum demanded. This is not in the nature of a cross demand, or mutual debt; it is a charge, which makes the sum of money received for the plaintiff’s use, so much less.” The other Judges concurred, and the judgment was accordingly entered for the defendant.
In Green vs. Farmer, 4 Burr. 2220, Lord Mansfield in delivering the opinion of the court; says i “Natural equity says, that cross demands should compensate each other, by deducting the less from the greater; and that the difference is the only sum which can be justly due.”
“Where the nature of the empl'oyment, transaction or dealings, necessarily constitute an account consisting of receipts and payments, debts and credits, it is certain that only the balance can be tlic debt,, and by the proper forms of proceeding in *181 Courts of law or equity, the balance only can be recovered.”
British statutes of set offi
Hanson, for plaintiff; Triplett,, for defendant.
“Where there were mutual debts unconnected} the law said they should not -be set off, but each must sue. And courts of equity followed the same rule, because it was, the law; for had they doné otherwise, they would have stopped the course of law in all cases, where there was a mutual demand. The natural sense of mánídnd was first shocked at this in the case of bankrupts, and it was provided for by 4 Ann. C. 17,8, 11 and 5, Geo. 2 ch. 30 sect. ¿8? — directing mutual demands to be balanced. In the report of the same case by Sir William Blackstone, (Repts. Vol. 1, 653;) the court say: “Where there was no Bankruptcy, the justice of setting off (especially after death, in the administration of as-1 sets,) struck men next, and was provided for by the statutes of 2 Geo. 2 and 8, Geo. 2, of set oils.”
The evidence offered by the defendant below wds proper under the general issue. The case of Dale vs. Solicit is directly in point. The demand sued On b.y plaintiff, and tlié credit claimed by the defendant, wéié , connected; they originated in the same transaction; the balance only can be due and recovered.
Judgment reversed with costs, cause remanded for a venire facias dc novo.